IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT,
DENVER, COLORADO

SEP 24 2021

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

_CHARLES LAMONT WILLIAMS_____, Plaintiff

v.

_____- SEE ATTACHED -_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

DEFENDANT(S)

SIMON DENWALT

AUSTIN CHRESTENSEN

ANDREA BARTONE

LIANE WILDA

JENNIFER HANSEN

JOHN DOE

JOHN DOE, DEFENDANT(S)

### A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

CHARLES L. WILLIAMS (CDOC 82344) BVCF, P.O. BOX 2017 BUENA VISTA, CO. 81211-2017
(Name, prisoner identification number, and complete mailing address)

—NONE—
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
✓ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

### B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: SIMON DENWALT (CASE MANAGER III) BVCF - CASE MANAGEMENT
(Name, job title, and complete mailing address)

BVCF, P.O. BOX 2017, BUENA VISTA, COLORADO 81211-2017

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

VIOLATED PLAINTIFF'S RIGHTS TO BE FREE OF DISCRIMINATION

AND RETALIATION UNDER THE ADA AND RA (ACTS)

Defendant 1 is being sued in his/her ✓ individual and/or ✓ official capacity.

2

Defendant 2: AUSTIN CHRESTENSEN (CASE MANAGER II) CASE MANAGEMENT
(Name, job title, and complete mailing address)

BVCF, P.O. Box 2017, BUENA VISTA, COLORADO 81211-2017

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

VIOLATED PLAINTIFF'S RIGHTS TO BE FREE FROM DISCRIMINATION AND RETALIATION UNDER THE 'ADA' AND 'RA' (ACTS)

Defendant 2 is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant 3: ANDREA BARTONE (CASE MANAGER I) CASE MANAGEMENT
(Name, job title, and complete mailing address)

BVCF, P.O. Box 2017, BUENA VISTA, COLORADO 81211-2017

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

VIOLATED PLAINTIFF'S RIGHTS TO BE FREE FROM DISCRIMINATION AND RETALIATION UNDER THE 'ADA' AND 'RA' (ACTS)

Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

## C.  JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓  42 U.S.C. § 1983 (state, county, and municipal defendants)

___  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

✓  Other: *(please identify)* 42 U.S.C. §12132 AND 29 U.S.C. § 701.

3

B. DEFENDANT(S)' INFORMATION (con't)

DEFENDANT 4. LANE WILNA (LT.) INTELLIGENCE OFFICER
BVCF, P.O. BOX 2017, BUENA VISTA, CO. 81211-2017
ACTING UNDER COLOR OF STATE LAW (YES)
DEFENDANT 4 IS BEING SUED IN HIS ✓ INDIVIDUAL AND ✓ OFFICIAL CAPACITY.

DEFENDANT 5 JENNIFER HANSEN (MAJOR) BVCF, P.O. BOX 2017
BUENA VISTA, COLORADO 81211-2017
ACTING UNDER COLOR OF STATE LAW (YES)
DEFENDANT 5 IS BEING SUED IN HER ✓ INDIVIDUAL AND ✓ OFFICIAL CAPACITY.

DEFENDANT 6. JOHN DOE (MEMBER OF THE JOB BOARD) BVCF,
P.O. BOX 2017, BUENA VISTA, COLORADO 81211-2017
ACTING UNDER COLOR OF STATE LAW (YES)
DEFENDANT 6 IS BEING SUED IN HIS/HER ✓ INDIVIDUAL AND ✓ OFFICIAL CAPACITY.

DEFENDANT 7. JOHN DOE (MEMBER OF THE INTERNAL CLASSIFICATION
COMMITTEE) BVCF, P.O. BOX 2017, BUENA VISTA, CO. 81211-2017
ACTING UNDER COLOR OF STATE LAW (YES)
DEFENDANT 7 IS BEING SUED IN HIS/HER ✓ INDIVIDUAL AND ✓ OFFICIAL CAPACITY.

D.     STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: PLAINTIFF CHARLES L. WILLIAMS BRINGS THIS COMPLAINT AGAINST THE COLORADO DEPT. OF CORRECTIONS UNDER TITLE II

Supporting facts: OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. §12132, et seq, AND THE REHABILITATION ACT ("RA"), 29 U.S.C. § 701 et seq. HE STATES AS FOLLOWS.

1. SIMON DENWALT, DEFENDANT, AUSTIN CHRESTENSEN, DEFENDANT, JENNIFER HANSEN DEFENDANT, AND JOHN DOE, DEFENDANT VIOLATED PLAINTIFF'S RIGHT TO BE FREE FROM DISCRIMINATION AND RETALIATION UNDER THE "ADA" AND "RA".

2. DEFENDANTS DENWALT, HANSEN, CHRESTENSEN, AND DOE ARE MEMBERS OF THE JOB/CLASSIFICATION BOARD WHICH HAS THE DUTY OF ASSIGNING ALL JOBS/PROGRAM PLACEMENT, FOR OFFENDERS IN BUENA VISTA CORRECTIONAL FACILITY.

3. PLAINTIFF, CHARLES L. WILLIAMS IS A PRISONER, CURRENTLY INCARCERATED AT BUENA VISTA CORRECTIONAL FACILITY. AND IS UNDER THE DESCRETION OF THE "JOB" BOARD. AND CLASSIFICATION COMMITTEE(S)

4. PLAINTIFF, CHARLES L. WILLIAMS WAS FORCED TO PERFORM WORK HIS DISABILITY DID NOT ALLOW HIM TO DO AND PUNISHED WHEN HE FAILED. THIS PUNISHMENT WAS KNOWING DISCRIMINATION AND RETALIATION BY THE DEFENDANTS

4

D. STATEMENT OF CLAIM(S)
CLAIM ONE (CON'T)

5. PLAINTIFF WILLIAMS HAS THROUGHOUT THE RELEVANT EVENTS DESCRIBED HEREIN BEEN INCARCERATED AT THE BUENA VISTA CORRECTIONAL FACILITY, OF THE COLORADO DEPT. OF CORRECTIONS.

6. THE PLAINTIFF HAS LONG SUFFERED FROM CHRONIC BACK PAIN FROM DEGENERATIVE DISC DISEASE AND BILATERAL PERIPHERAL NEUROPATHY THAT PLACES SUBSTANTIAL LIMITATIONS ON MANY OF HIS LIFE ACTIVITIES, INCLUDING WALKING, STANDING, BENDING, AND CLIMBING.

7. FOR MULTIPLE YEARS THE PLAINTIFF HAS HAD SEVERAL WORK AND HOUSING RESTRICTIONS TARGETED AT ADDRESSING HIS DISABILITY. ON OCTOBER 4, 2018 HIS MEDICAL PROVIDER HEATHER DAILOR RENEWED THOSE RESTRICTIONS. "NO STANDING OVER 2 HOURS" BECAUSE OF BILATERAL PERIPHERAL NEUROPATHY; "NO REPETITIVE BENDING AT THE WAIST AND NO SITTING OVER 2 HOURS, FOR DEGENERATIVE DISC DISEASE"; AND "LOWER BUNK RESTRICTION" FOR THE NEUROPATHY SECONDARY TO DEG. DISC DISEASE.

8. ON JULY 11, 2019, THE PLAINTIFF WAS ASSIGNED TO THE 'KITCHEN' (FOOD SERVICE). AN ASSIGNMENT THAT REQUIRES STANDING FOR OVER 6 HOURS AND REPETITIVE BENDING, ALTHOUGH HE WAS PHYSICALLY INCAPABLE OF WORKING THERE OR PERFORMING ANY OF THE REQUIRED DUTIES. HE WAS ASSIGNED THERE BY DEFENDANT(S) HANSEN AND CHRESTENSEN. THIS WAS RETALIATION FOR DEF. HANSEN BEING NAMED IN A PREVIOUS LAWSUIT BROUGHT BY THE PLAINTIFF AGAINST THIS FACILITY.

D. STATEMENT OF CLAIM(S)
   CLAIM ONE (CON'T)

9. THE PLAINTIFF WAS TOLD TO REPORT TO WORK ON JULY 13, 2019. HE WAS, HOWEVER, PHYSICALLY UNABLE TO PERFORM THE JOB REQUIREMENTS IN FOOD SERVICE. HE THEREFORE SOUGHT AND OBTAINED A "LAY-IN" SLIP, WHICH IS A MEDICAL REQUEST THAT EXCUSES AN OFFENDER FROM WORK ASSIGNMENTS. HE WAS "LAID-IN" FOR FORTY-SEVEN DAYS BEFORE BEING RELEASED FROM HIS JOB IN FOOD SERVICE FOR MEDICAL REASONS.

10. ON SEPTEMBER 9TH, 2019 HE WAS AGAIN ASSIGNED TO WORK IN FOOD SERVICE.

11. THE PLAINTIFF FILED MULTIPLE GRIEVANCES AS WELL AS 'KITES' TO HIS CASE MANAGER EXPLAINING THAT HE WAS NOT PHYSICALLY CAPABLE OF WORKING IN FOOD SERVICE. HE WAS TOLD THAT THE KITCHEN STAFF WOULD "ACCOMODATE" HIS DISABILITIES.

12. THE PLAINTIFF ASKED ABOUT THE "ACCOMODATION" TO STAFF IN FOOD SERVICE. AND ASKED TO SPEAK WITH THE ADA COORDINATOR. FOOD SERVICE DID NOT PROVIDE PLAINTIFF WITH THE FORM NOR WITH AN AUDIENCE WITH THE ADA COORDINATOR.

13. INSTEAD, THE PLAINTIFF BEGAN REPORTING EACH MORNING TO FOOD SERVICE AND UPON REPORTING WOULD SHOW COPIES OF HIS WORK RESTRICTIONS, STAFF IN THE KITCHEN SENT HIM BACK TO HIS HOUSING UNIT WITHOUT HAVING WORKED. THE FOOD SERVICE STAFF MADE COMMENTS AFTER SEEING

D. STATEMENT OF CLAIM(S)
CLAIM ONE (con't)

13. (con't) HIS RESTRICTIONS INCLUDING "WHY DID THEY (JOB BOARD) ASSIGN YOU HERE, YOU CAN'T WORK HERE."

14. AFTER APPROXIMATELY TWO WEEKS, THE STAFF IN FOOD SERVICE STOPPED EVEN EXAMINING HIS WORK RESTRICTIONS BUT AS SOON AS THEY SAW HIM ENTERING THE KITCHEN AREA, WOULD WAVE HIM AWAY BACK TO HIS HOUSING UNIT.

15. ON SEPTEMBER 21, 2019, A SATURDAY, THE PLAINTIFF REQUESTED A MEDICAL EMERGENCY BECAUSE HIS BACK PAIN WAS UNUSUALLY BAD. AS USUAL, HE REPORTED TO FOOD SERVICE AND WAS WAIVED AWAY BACK TO HIS HOUSING UNIT.

16. THE FOLLOWING DAY SUNDAY, SEPTEMBER 22, 2019, HE AGAIN PUT IN AN EMERGENCY REQUEST BECAUSE HIS PAIN WAS STILL EXCEPTIONALLY BAD. HE STILL REPORTED TO FOOD SERVICE AND AGAIN WAVED AWAY.

17. ON MONDAY, SEPTEMBER 23, 2019, THE PLAINTIFF PUT IN AN EMERGENCY MEDICAL REQUEST FOR HIS CHRONIC BACK PAIN. BECAUSE HE KNEW HIS MEDICAL PROVIDER WOULD BE IN THAT DAY AND HE WOULD SEE HER AND SHE WOULD PROVIDE HIM WITH A "LAY-IN". HE DID NOT GO THROUGH THE FORMULAIC ACT OF REPORTING TO FOOD SERVICE ONLY TO BE WAVED AWAY. HE STAYED IN BED AND WHEN THE OFFICER ASSIGNED TO HIS UNIT CAME TO ASK HIM WHY HE WASN'T REPORTING TO WORK. THE PLAINTIFF EXPLAIN TO HIM HIS MEDICAL PROBLEM. THAT OFFICER

D. STATMENTS OF CLAIM(S)
   CLAIM ONE (Con't)

17. (Con't) OFFICER GONZALES LATER TOLD PLAINTIFF THAT HE CALLED FOOD SERVICE AND PLAINTIFF'S SUPERVISOR LT. CLASS TOLD OFFICER GONZALES THAT THE PLAINTIFF WASN'T GOING TO WORK IN FOOD SERVICE ANYWAY THAT MORNING OR FOR VERY MUCH LONGER.

18. THAT AFTERNOON THE PLAINTIFF SAW HIS MEDICAL PROVIDER HEATHER DAMON ON MONDAY, SEPTEMBER 23, 2019 SHE PROVIDED THE PLAINTIFF WITH A MEDICAL "LAY-IN". SHE TOLD HIM, HOWEVER, THAT AS A MEMBER OF THE MEDICAL STAFF, SHE COULD NOT REQUIRE THE JOB BOARD TO STOP ASSIGNING HIM TO FOOD SERVICE. SHE WAS "TOLD" SHE COULD NOT MAKE THAT DECISION.

19. ADMINISTRATIVE REGULATION OR "AR" ARE THE RULES THAT GOVERN CDOC, ITS EMPLOYEES AND OFFENDERS. AR 850-03 IV(A) 8, OFFENDER ASSIGNMENT AND PAY, STATES: "CLINICAL SERVICES DETERMINES WHEN AN OFFENDER IS MEDICALLY UNABLE TO SAFELY AND GAINFULLY PARTICIPATE IN ANY AVAILABLE ASSIGNMENTS AND HAS SOLE AUTHORITY TO ORDER AN OFFENDER'S MEDICALLY UNASSIGNED STATUS." THIS RULE IS NOT APPLIED AT BUENA VISTA CORRECTIONAL FACILITY.

20. DURING THE PERIOD OF HIS "LAY-IN" THE PLAINTIFF WAS TOLD BY LT. DOHM AND CAPTAIN MAPLES BOTH FOOD SERVICE STAFF THAT HE WOULD BE RELEASED FROM FOOD SERVICE AND NEVER ASSIGNED THERE AGAIN, FOR MEDICAL REASONS.

D. STATEMENT OF CLAIM(S)
   CLAIM ONE (CON'T)

21. NONETHELESS, THREE DAYS AFTER THE "LAY-IN" WAS PUT IN PLACE AN OFFICER WROTE A REPORT AGAINST THE PLAINTIFF FOR FAILURE TO WORK ON THE 23rd OF SEPT. AND HAD HIM FIRED.

22. THE REPORT AGAINST THE PLAINTIFF FOR FAILURE TO WORK TRIGGERED A RECLASS SO HE WAS NO LONGER A MEDIUM CUSTODY OFFENDER. DEFENDANT DENWALT PLACE THE PLAINTIFF IN CLOSE CUSTODY. RESULTING IN A SUBSTANTIAL LOSS OF PRIVILEGES AND AUTONOMY.

23. THE PLAINTIFF FILED AN APPEAL TO THIS CLASSIFICA--TION DECISION. AND SEVERAL GRIEVANCES ATTACKING THE VALIDITY OF THE RECLASSIFICATION. ALL WERE DENIED.

24. BECAUSE OF THE "LAY-IN" WHICH EXCUSED THE PLAINTIFF FROM ANY WORK DUTIES, THE PLAINTIFF WAS EXCUSED FROM WORK STARTING THE 23rd OF SEPT.

25. ASSOCIATE WARDEN BRIAN COLEMAN ANSWERED THE PLAINTIFF'S APPEAL STATING THE "LAY-IN" DID NOT EXCUSE THE PLAINTIFF FROM WORK BECAUSE THE "LAY-IN" WASN'T GIVEN UNTIL AFTER 1PM AND THE PLAINTIFF WAS SCHEDULED TO WORK AT A 4AM SHIFT.

D. STATEMENT OF CLAIM(S)
   CLAIM ONE (CON'T)

26. THE PLAINTIFF, DESPITE REQUESTING ONE, NEVER RECIEVED AN ACCOMODATION FORM TO REQUEST ADA ACCOMODATIONS FOR HIS WORK IN FOOD SERVICE UNTIL AFTER HE HAD ALREADY BEEN RECLASSED TO CLOSE CUSTODY.

27. THE RECLASS AND SUBSEQUENT MOVE TO CLOSE CUSTODY WAS UPHELD BY THE INTERNAL CLASSIFICATION COMMITTEE. DEFENDANTS BLACTONE, WILDA, CHRESTENSEN, AND HANSEN, AND DOE.

28. THIS RECLASS TO PUT THE PLAINTIFF IN CLOSE CUSTODY STILL LEFT THE PLAINTIFF WITH -1 POINT WHICH ACCORDING TO CDOC'S CLASSIFICATION SCALE PLACED THE DEFENDANT AT MINIMUM CUSTODY. BUT, WITH THE AMOUNT OF TIME TO HIS PAROLE ELIGIBILITY DATE, THE PLAINTIFF IS OVERRODE TO MEDIUM. BUT, IN ORDER TO PLACE THE PLAINTIFF IN CLOSE CUSTODY, AN OVERRIDE WAS REQUESTED FOR THREE CUSTODY LEVELS.

29. THE RESULT OF THIS CLASSIFICATION WAS THE LOSS OF PRIVILEGES THAT LEFT THE PLAINTIFF WITH ALOT LESS TIME FOR EXERCISE TO STRENGTHEN HIS BACK BY KEEPING HIM CONFINED IN HIS CELL MORE, LESS TIME TO SPEAK AND VISIT WITH HIS FAMILY, MORE RESTRICTIONS ON 'FREE TIME' AND MOVEMENT.

D. STATEMENT OF CLAIM(S)
   CLAIM ONE (CON'T)

30. THE LESSENED TIME OUT OF HIS CELL ONLY CONTRIBUTED TO THE PLAINTIFF'S CHRONIC BACK PAIN.

31. DEFENDANTS DENWALT, CHRESTENSEN, AND HANSEN INTENTIONALLY PLACED THE PLAINTIFF IN FOOD SERVICE KNOWING THE POTENTIAL FOR FAILURE IN PERFORMING THE JOB DUTIES.

32. THE PLAINTIFF HAS SUBSTANTIAL LIMITATIONS IN MAJOR LIFE ACTIVITIES INCLUDING STANDING AND BENDING AND THEREFORE QUALIFIED AS DISABLED UNDER THE ADA.

33. DEFENDANTS DENWALT, HANSEN AND CHRESTENSEN VIOLATED TITLE II OF THE ADA BY FAILING TO PROVIDE THE PLAINTIFF A WORKPLACE ACCOMMODATION DUE TO THIS DISABILITY AND THEN PUNISHING HIM BY RESTRICT--ING HIS ACTIVITIES AND PRIVILEGES FOR FAILING TO PERFORM WORK HE WAS UNABLE TO DO.

34. TITLE II OF THE ADA STATES: "NO QUALIFIED INDIVIDUAL SHALL, BY REASON OF SUCH DISABILITY, BE EXCLUDED FROM PARTICIPATION IN OR BE DENIED THE BENEFITS OF THE SERVICES, PROGRAMS, OR ACTIVITIES OF A PUBLIC ENTITY, OR BE SUBJECTED TO DISCRIMINATION BY ANY SUCH ENTITY."

35. THE PLAINTIFF HAS A DISABILITY AND WAS EXCLUDED FROM PARTICIPATION IN AND DENIED THE BENEFITS OF A PUBLIC ENTITY'S SERVICES, PROGRAMS, OR ACTIVITIES AND

D. STATEMENT OF CLAIM(S)
   CLAIM ONE (CON'T)

35. (CON'T) SUCH EXCLUSION, DENIAL OF BENEFITS, AND DISCRIMINATION WAS BY REASON OF HIS DISABILITY.

36. DEFENDANT DENWALT INTENTIONALLY DISCRIMINATED AGAINST THE PLAINTIFF ON THE BASIS OF DISABILITY BY PUNISHING HIM FOR BEING UNABLE TO COMPLETE WORK THAT HE WAS UNABLE TO COMPLETE SOLELY ON ACCOUNT OF HIS DISABILITY.

37. DEFENDANTS DENWALT, CHRESTENSEN, AND HADSEN WERE DELIBERATELY INDIFFERENT TO A RISK OF DISABILITY DISCRIMINATION, AS THEY WERE AWARE OF PLAINTIFF'S DISABILITY AND NEED FOR ACCOMMODATION AND KNOWINGLY AND INTENTIONALLY DISREGARDED IT.

38. THE ELEMENTS FOR PROVING A VIOLATION OF THE ADA AND THE RA ARE THE SAME, EXCEPT THAT AN ELEMENT OF THE RA IS THAT THE ENTITY RECIEVES FEDERAL FUNDING. THE COLORADO DEPARTMENT OF CORRECTIONS RECIEVES FEDERAL FUNDING.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _SEE ATTACHED_

Docket number and court: _19CV-371-RBJ-MEH_

Claims raised: _1ST AND 8TH AMEND. CLAIMS_

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) _STILL PENDING_

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____

## F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

5

E.  PREVIOUS LAWSUITS (CON'T)

DEFENDANT(S) NAMED IN PREVIOUS LAWSUIT
CASE NO. 19CV-371-RBJ-MEH

    DEBORAH BORREGO
    DAYNIA JOHNSON
    JENNIFER HANSEN
    DAVID LISAC
    REBECCA VOLZ
    ANDREW KING, AND
    JOHN DOE

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

PLAINTIFF, CHARLES L. WILLIAMS PRAYS THAT THIS COURT:

1. AWARD COMPENSATORY DAMAGES FOR THE HARM SUFFERED BY THE PLAINTIFF INCLUDING BUT NOT LIMITED TO
   A. ALL ECONOMIC LOSSES ON ALL CLAIM(S) AS ALLOWED BY LAW. TO BE DETERMINED AT TRIAL.

2. INJUNCTIVE RELIEF IN THE FORM OF:
   A. INSTRUCTING CDOC THAT THIS PRACTICE DESCRIBED HEREIN IS NOT TO BE ALLOWED NOW OR IN THE FUTURE

3. PLAINTIFF REQUESTS COURT COSTS AND FILING FEES AND JURY TRIAL DEMAND.

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*C L Williams*
(Plaintiff's signature)

*September 20, 2021*
(Date)

(Form Revised December 2017)

## CERTIFICATE OF SERVICE

I, CHARLES L. WILLIAMS, PRO SE, CERTIFY THAT A COPY(S) OF THE FOREGOING PLEADING/DOCUMENT WAS MAILED TO:

JOSHUA G. URQUHART
ATTORNEY GENERAL'S OFFICE
1300 BROADWAY, 10TH FL.
DENVER, COLORADO
             80203


RESPECTFULLY SUBMITTED THIS 20TH DAY OF SEPTEMBER, 2021

*C. Williams* (signature)

CHARLES L. WILLIAMS
CDOC. 82344
BVCF/P.O. BOX 2017
BUENA VISTA, COLORADO
            81211-2017

Colorado Dept of Corrections
Charles Williams
CDOC #83344
BVCF / P.O. Box 2017
Buena Vista, Colorado
81211-2017

Buena Vista Correctional Complex
PO Box 2017
Buena Vista, CO 81211

Restricted Inspection Mail

United States District Court
Attn: Clerk of the Court
901 19th St.
Denver, Colorado
80294

quadient
FIRST-CLASS MAIL
$002.16
09/22/2021 ZIP 81211
043M31223188
US POSTAGE

Restricted Inspection Mail

MAIL 9-21-21
FACILITY DATE REC'D
LCF AVCF 9a32 A1
STAFF LAST NAME   ID#   INT
Lorenzo
OFFENDER LAST NAME   INT
823614 Williams eh
DOC#