IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02595-GPG

CHARLES LAMONT WILLIAMS,

     Plaintiff,

v.

SIMON DENWALT,
AUSTIN CHRESTENSEN,
ANDREA BARTONE,
LANE WILDA,
JENNIFER HANSEN,
JOHN DOE, and
JOHN DOE,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Charles Lamont Williams, is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Williams has filed *pro se* a Prisoner Complaint (ECF No. 1). The court must construe the Prisoner Complaint liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Williams will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

     Mr. Williams alleges he suffers from chronic back pain due to degenerative disc disease and bilateral peripheral neuropathy and that these disabilities place substantial

limitations on various life activities including walking, standing, bending, and climbing. He further alleges that, despite these disabilities and several work and housing restrictions in place to address them, in July 2019 he was assigned to a job he was physically unable to perform in the prison kitchen. Mr. Williams asserts that he sought and obtained a "lay-in" slip that excused him from his work assignment, and he was released from his food services job forty-seven days later for medical reasons.

Mr. Williams contends he again was assigned to work in food services on September 9, 2019, and was told that kitchen staff would accommodate his disabilities. However, when he reported to the kitchen each day and presented a copy of his work restrictions, he was sent back to his housing unit without working. According to Mr. Williams, after approximately two weeks, food service staff stopped examining his work restrictions and simply told him to return to his housing unit each day when he reported to work.

Mr. Williams alleges he requested a medical emergency on Saturday, September 21, 2019, and again on Sunday, September 22, 2021, because his back pain was unusually bad, and he was sent back to his unit after reporting to work each day. On Monday, September 23, 2019, Mr. Williams asserts he submitted another emergency medical request and, because he knew he would be provided a "lay-in" when he saw a medical provider, he stayed in bed and did not report to work and explained to the unit officer why he was not reporting to work. Mr. Williams further asserts that he was given a medical "lay-in" that afternoon, but the medical provider told him she could not require the job board to stop assigning him to food services.

Mr. Williams alleges that, three days later, an officer wrote a report against him for failing to work on September 23 and he was fired. He further alleges the report and firing triggered a reclassification to close custody, which resulted in a substantial loss of privileges. Mr. Williams maintains the reclassification was upheld on appeal and the associate warden explained "the 'lay-in' did not excuse the plaintiff from work because the 'lay-in' wasn't given until after 1 pm and the plaintiff was scheduled to work at a 4 am shift." (ECF No. 1 at p.11.)

Mr. Williams claims in the Prisoner Complaint that his rights under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act were violated. He is suing each Defendant in both his or her individual and official capacities. Mr. Williams alleges Defendants Denwalt, Christensen, and Hansen intentionally assigned him to food services knowing the potential for failure in performing the job duties and failed to provide a workplace accommodation, and that Defendants Bartone, Wilda, Christensen, Hansen, and Doe upheld the reclassification to close custody. Mr. Williams seeks damages and injunctive relief in the form of "[i]nstructing CDOC that this practice described herein is not to be allowed now or in the future." (ECF No. 1 at p.17.)

Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. To state a cognizable claim under Title II of the ADA Mr. Williams must allege facts that demonstrate "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public

entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). To state a claim for disability discrimination under the Rehabilitation Act Mr. Williams must prove the same elements required to prevail under Title II of the ADA. *See Nielsen v. Moroni Feed Co*., 162 F.3d 604, 608 n.7 (10th Cir. 1998).

Mr. Williams fails to allege facts that support an arguable claim of disability discrimination under the ADA or the Rehabilitation Act. He alleges only that he was fired from his prison job because he failed to report to work on September 23, 2019, and that, because he was fired from his prison job, he was reclassified to close custody. He does not allege he was fired from his prison job or reclassified because of his disabilities. In addition, the ADA and the Rehabilitation Act do not apply to issues of prison employment. *White v. State of Colo.*, 82 F.3d 364, 367 (10th Cir. 1996). Therefore, Mr. Williams cannot state an arguable claim for relief under the ADA or the Rehabilitation Act premised on the alleged failure to provide a workplace accommodation for his disabilities.

4

Mr. Williams will be given an opportunity to file an amended complaint if he wishes to pursue his disability discrimination claim. If he elects to file an amended complaint, he is advised that the only proper defendant is "the public entity itself or an official acting in his or her official capacity." *Hicks v. Keller*, No. 11-cv-0422-WJM-KMT, 2012 WL 1414935 at *6 (D. Colo. April 24, 2012). Therefore, Mr. Williams may not assert an ADA or Rehabilitation Act claim against individual defendants in their individual capacities. *See Montez v. Romer*, 32 F. Supp.2d 1235, 1241 (D. Colo. 1999) ("[I]ndividual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act or the Disability Act.").

Finally, Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil provides that, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Thus, Mr. Williams will be directed to file his amended complaint on the court-approved Prisoner Complaint form. Accordingly, it is

ORDERED that Mr. Williams file, **within thirty (30) days from the date of this order**, an amended complaint on the proper form as directed in this order. It is

FURTHER ORDERED that Mr. Williams shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Williams fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

5

DATED September 28, 2021.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge