IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 21-cv-02595-LTB-GPG

CHARLES WILLIAMS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Complaint and Request for Relief (ECF No. 10)[1] filed by Plaintiff, Charles Williams. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 12.)[2]

---

[1] "(ECF No. 10)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Complaint and Request for Relief be dismissed.

## I. DISCUSSION

Mr. Williams has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court will review the Complaint and Request for Relief and dismiss any claims that are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Mr. Williams is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). He initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On September 28, 2021, the Court ordered Mr. Williams to file an amended complaint. On November 29, 2021, counsel for Mr. Williams entered his appearance and filed the Complaint and Request for Relief (ECF No. 10).

Mr. Williams alleges he suffers from chronic back pain and bilateral peripheral neuropathy and that these disabilities place substantial limitations on various major life activities including walking, standing, bending, and climbing. He further alleges that, despite these disabilities and several work and housing restrictions in place to address them, in the summer of 2019 he was assigned to a job he was physically incapable of performing in the prison kitchen. Mr. Williams asserts that he sought and obtained a

"lay-in," which is a medical request that excuses a prisoner from conducting an official activity, and he was released from his kitchen job forty-seven days later for medical reasons.

Mr. Williams contends he again was assigned to work in the kitchen in September 2019 and was told that the kitchen would accommodate his disabilities. However, when he reported to the kitchen each day and presented a copy of his work restrictions, he was sent back to his cell without having worked. According to Mr. Williams, after approximately two weeks, the kitchen staff stopped even examining his work restrictions and would wave him away, back to his cell as soon as they saw him entering the kitchen area.

Mr. Williams alleges he submitted a medical emergency request on Saturday, September 21, 2019, and again on Sunday, September 22, 2021, because his back pain was unusually bad, and was waved away after reporting to the kitchen both days. Mr. Williams alleges he again submitted a medical emergency request on Monday, September 23, 2019, and, because he knew he would be provided a medical lay-in when he saw the doctor that day, he did not report to work. Mr. Williams asserts that he was given a medical lay-in that afternoon, but the medical provider told him she could not change his kitchen work assignment. He further asserts that, during his lay-in, he was told by prison staff "he would have no complications from not reporting to the kitchen" and he would be "released from the kitchen for medical reasons." (ECF No. 10. at p.8.)

Mr. Williams contends that, three days after the lay-in, an officer wrote a

grievance against Mr. Williams for failing to work on September 23 and had him fired from the kitchen. He further alleges the grievance for failure to work triggered a reclassification to close custody and an accompanying loss of privileges and autonomy. According to Mr. Williams, he was informed the lay-in did not excuse his failure to work on September 23 because he failed to report to work in the morning and did not get a lay-in until several hours later.

Mr. Williams claims his rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, et seq., and the Rehabilitation Act, 29 U.S.C. §§ 701, et seq., were violated. In both claims he alleges Defendant "intentionally discriminated against Mr. Williams on the basis of disability by punishing him for being unable to complete work that he was unable to complete solely on account of his disability" and "failed to accommodate Mr. Williams's disability by assigning him work he could not with his limitations, failing to accommodate those limitations, and then punishing him for not completing the work." (ECF No. 10 at pp.12-13 & 14-15.) Mr. Williams also alleges in both claims that Defendant "and its staff were deliberately indifferent to a risk of disability discrimination, as they were aware of his disability and need for accommodation and knowingly disregarded it." (*Id.* at pp.13, 15.) Mr. Williams seeks damages as relief.

Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. To state a cognizable claim under Title II of the ADA

Mr. Williams must allege facts that demonstrate "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). To state a claim for disability discrimination under the Rehabilitation Act Mr. Williams must prove the same elements required to prevail under Title II of the ADA. *See Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 608 n.7 (10th Cir. 1998).

Mr. Williams fails to allege facts that support an arguable claim of disability discrimination under either the ADA or the Rehabilitation Act. First, he alleges he was fired from his prison job because he failed to report to work, and that, because he was fired from his prison job, he was reclassified and lost privileges. He does not allege facts that demonstrate he was fired from his prison job or reclassified because of his disability. Furthermore, the ADA and the Rehabilitation Act do not apply to issues of prison employment. *White v. State of Colo.*, 82 F.3d 364, 367 (10th Cir. 1996). Therefore, Mr. Williams cannot state an arguable claim for relief under the ADA or the

Rehabilitation Act premised on the alleged assignment to a prison job he was incapable of performing or the alleged failure to provide a workplace accommodation for his disabilities.

For these reasons, the ADA and Rehabilitation Act claims are legally frivolous and should be dismissed.

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Complaint and Request for Relief (ECF No. 10) be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED December 16, 2021.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge