IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>COLORADO DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | Case No.<br>1:21-cv-02595-LTB-GPG |

**WILLIAMS'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

On December 16, 2021, Magistrate Judge Gallagher submitted a Report and Recommendation recommending that the Court dismiss Mr. Williams's First Amended Complaint (ECF No. 10) at the screening stage pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (ECF No. 13). Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) Mr. Williams now respectfully makes the following objections to the Report and Recommendation. The Recommendation should not be adopted, and the matter should not be dismissed.

1

Mr. Williams is a prisoner at Buena Vista Correctional Complex in the custody of the Colorado Department of Corrections (CDOC). (ECF No. 10 at ¶¶2-3). Mr. Williams filed an amended complaint alleging, among other things, that his rights under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA)[1] were violated when he was punished for not completing a work assignment that he was unable to perform because of his disabilities.[2]

The Report and Recommendation provides two reasons why Mr. Williams's claims should be dismissed. First, the Magistrate Judge concluded that Mr. Williams does not allege sufficient facts for his ADA claims because he:

> …alleges he was fired from his prison job because he failed to report to work, and that, because he was fired from his prison job, he was reclassified and lost privileges. He does not allege facts that demonstrate he was fired from his prison job or reclassified because of his disability. (ECF No. 13 at 5).

Next, the Magistrate Judge cited *White v. State of Colorado* for the proposition that "Mr. Williams cannot state an arguable claim for relief under the ADA or the Rehabilitation Act premised on the alleged assignment to a prison job he was incapable of performing or the alleged failure to provide a workplace

---

[1] Below Plaintiff refers to his claims under both the ADA and the Rehabilitation Act as his "ADA claim," as "Title II of the ADA and § 504 of the RA are nearly identical, both in content and remedial provisions." *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002).

[2] "Mr. Williams has long suffered from chronic back pain and bilateral peripheral neuropathy that places substantial limitations on many of his major life activities, including walking, standing, bending, and climbing." (ECF No. 10 at ¶10).

accommodation for his disabilities." *Id*. Both reasons provided for dismissal in are in error.

The first reason is in error because Mr. Williams does in fact allege facts that he suffered consequences because of his disability. In his First Amended Complaint Mr. Williams clearly alleges that he is a qualified individual with a disability and explains that his disability prevents him from doing the precise work assigned to him in the kitchens. (ECF No. 10 at ¶¶11-15). He then explains how he nonetheless reported to his kitchen job only to be summarily turned away every day because of his disability. (ECF No. 10 at ¶¶17-20). He then describes one date where he had a medical emergency resulting from his disability, put in a medical emergency request, and did not go to the kitchen job assignment because he was experiencing a medical emergency and because he had been repeatedly turned away from the kitchen because of his disability and could expect the same on this day. (ECF No. 10 at ¶21). This states a paradigmatic violation of the ADA. Mr. Williams has a disability, was assigned to a job he could not perform because of that disability, put CDOC on notice through multiple methods, and then was punished when he had a medical emergency resulting from his disability and did to report to the job that he was nonetheless barred from performing. The ADA establishes an affirmative duty to reasonably accommodate disabilities and at no

3

point did CDOC switch his job to one he could perform or allow him to not go to work in the midst of a medical emergency. Instead, they punished him for it.

The second reason provided by the Magistrate Judge for the Recommendation of dismissal improperly relies on *White v. State of Colorado* as establishing the principle that the ADA and RA cannot apply to prison work assignments. (ECF No. 13 at 5). While *White* does contain language that supports the conclusion of the Report and Recommendation, the line of reasoning in *White* and the resulting holding have been squarely overruled by the Supreme Court. *White* states that "[t]he Rehabilitation Act, however, does not apply to issues of prison employment." *White v. State of Colo.*, 82 F.3d 364, 367 (10th Cir. 1996) (*citing Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991)). And goes on to say that "[f]or the same reasoning relied upon in *Williams*, we hold that the ADA does not apply to prison employment situations either." *Id*. But, the holding of *Williams v. Meese,* is not specific to employment, rather the Tenth Circuit held that the RA does not apply to prisons *at all*. 926 F.2d 994, 997 (10th Cir.1991) (holding that "…the Rehabilitation Act … does not give plaintiff any substantive rights since the Federal Bureau of Prisons does not fit the definition of 'programs or activities' governed by that section."). This holding was squarely addressed and overruled by the Supreme Court in *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998). In *Yesky*, the Supreme Court was presented with arguments that prisons do not

provide "programs, activities, services, or benefits" as defined by the ADA and squarely held that prisons fall within the ambit of the ADA. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("Modern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in')."). *Yesky* entirely undermines the holding of *Williams v. Meese* and makes the equivalent holding in *White v. State of Colo.* equally infirm. By contrast, the analysis from *Yesky* paints a clear roadmap for resolution of Mr. Williams's case. The CDOC, much like the Pennsylvania Department of Corrections in *Yesky*, is a public entity as defined by the ADA and it provides programs, services, or activities also as defined by the ADA, including its work program. Because the legal standard cited by the Magistrate Judge in support of his Report and Recommendation is no longer valid, the second reason provided for dismissal is in error.

## CONCLUSION

For the foregoing reasons, Mr. Williams respectfully objects to the Magistrate Judge's Report and Recommendation. The matter should not be dismissed.

Submitted on December 28, 2021.

> */s/ Samuel Weiss*
> Rights Behind Bars
> 416 Florida Avenue NW
> Unit 26152
> Washington, DC 20001
> (202) 455-4399
> sam@rightsbehindbars.org
> Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021 I electronically filed the foregoing Objections with the clerk of the court for the United States District Court for the District of Colorado, using the CM/ECF system.

/s/ Samuel Weiss
Attorney for Plaintiff
