IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02595-NYW-NRN

CHARLES WILLIAMS,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

Defendant.

**DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT (ECF NO. 10) UNDER FED. R. CIV. P. 12(B)(6)**

Defendant Colorado Department of Corrections (CDOC), through the Colorado Attorney General, respectfully submits this motion to dismiss Plaintiff Charles Williams's Amended Complaint (ECF No. 10) under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**CERTIFICATE OF CONFERRAL**

Pursuant to Civ. Practice Standard 7.1B(b), undersigned counsel certifies that she conferred with counsel for Plaintiff, who oppose this motion.

**INTRODUCTION**

Plaintiff Charles Williams is an individual who was previously incarcerated in the CDOC. He initiated this action while incarcerated, alleging that prison officials discriminated against him on account of a disability, in violation of the Rehabilitation Act, 29 U.S.C. §§ 702-796*l*, and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12132-12165. The Court initially screened this action under 28 U.S.C. § 1915(e) and dismissed it as frivolous;

1

however, the Tenth Circuit reversed and reinstated this action. *See* Order and Judgment (ECF No. 22).

In his Amended Complaint, Mr. Williams alleges that he suffers from chronic back pain and peripheral neuropathy that substantially limit many of his major life activities. Am. Compl. ¶ 10 (ECF No. 10). In 2018, a medical staff member allegedly provided Mr. Williams with several work and housing restrictions that addressed his chronic back pain and neuropathy, including limitations on standing for over two hours and repetitive bending at the waist. *Id.* ¶ 11.

Mr. Williams alleges that in the summer of 2019 he was assigned to work in the kitchen but was physically incapable of working there. *Id.* ¶ 12. Mr. Williams allegedly received a medical "lay-in" excusing him from kitchen duty for 47 days. *Id.* ¶ 13. Upon reassignment to the kitchen in September 2019, Mr. Williams allegedly filed grievances and submitted kites stating he was incapable of working in the kitchen. *Id.* ¶ 15. He alleges that he reported to the kitchen each day for approximately two weeks, provided his list of work restrictions, and was sent back to his cell by kitchen staff. *Id.* ¶ 17.

On September 21 and 22, 2019, Mr. Williams allegedly made medical emergency requests because of back pain, reported to the kitchen on both days, and was turned away both days. *Id.* ¶¶ 19-20. On September 23, 2019, Mr. Williams allegedly made another medical emergency request, but he did not report to the kitchen as he had the prior two days because he "knew that he would see the doctor that day who would provide him a medical lay-in . . . ." *Id.* ¶ 21. He alleges that he eventually received a lay-in that day; however, three days later an officer wrote a grievance against him for failure to work because he did not get the lay-in until several hours after he failed to report to work. *Id.* ¶¶ 26, 29. The grievance filed against him for failure to

2

work allegedly "triggered a reclassification so that he was no longer a 'medium custody' prisoner and instead a 'close custody' prisoner," and he lost privileges and autonomy. *Id.* ¶ 27.

Mr. Williams brings claims against the CDOC for violations of Title II of the ADA the Rehabilitation Act. He seeks compensatory damages for unspecified economic losses and for "emotional distress, embarrassment, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law . . . ." *Id.* at 9.

For the reasons set forth below, Mr. Williams's claims are barred in part by the statute of limitations. Additionally, his claims should be dismissed to the extent he seeks damages for mental or emotional injury because such damages are not available under Title II of the ADA or the Rehabilitation Act. For these reasons, the CDOC respectfully requests that the Court dismiss in part Mr. Williams's claims.

## STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). While detailed factual allegations are not required, a plaintiff must assert "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

3

Courts must construe pro se complaints liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But the Court has no duty to assume the role of advocate for a pro se plaintiff, nor should it supply additional facts or construct a legal theory for the plaintiff. *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998)

## ARGUMENT

**I.      Mr. Williams's claims are barred in part by the statute of limitations.**

A claim may be dismissed under Rule 12(b)(6) if the allegations in the complaint show that the relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also id.* (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face")). Mr. Williams's Amended Complaint demonstrates that his claims against the CDOC concerning assigning him to work in the kitchen and allegedly failing to provide him accommodations accrued more than two years before he filed suit. Accordingly, his claims must be dismissed to the extent they are premised on those alleged violations.

Neither the Rehabilitation Act nor Title II of the ADA provides a statute of limitations. Accordingly, courts "infer that Congress intended the most analogous state statute of limitations to apply." *E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1197 (10th Cir. 2003). Colorado law provides that a two-year limitation period applies to Rehabilitation Act and Title II ADA claims. *See* § 13-80-102; *see also Hughes v. Colo. Dep't of Corr.*, 594 F. Supp. 2d 1226, 1235 (D. Colo. 2009). "In general, . . . claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004).

Mr. Williams brings this action alleging in part that the CDOC failed to accommodate him when it assigned him work in July 2019 that he could not do and did not provide accommodations for his alleged limitations. Am. Compl. ¶¶ 44, 52. He alleges that he was then fired on or about September 26, 2019 because he did not receive a medical lay-in until several hours after he failed to report to work in the morning of September 23, 2019. *Id.* ¶¶ 26, 29. Mr. Williams initiated this action by filing a complaint on September 24, 2021. *See* Prisoner Complaint (ECF No. 1).

The CDOC does not dispute that, taking the allegations as true solely for purposes of this Rule 12(b)(6) motion, his claims based on allegedly being fired on or about September 26, 2019 may be considered timely. However, to the extent Mr. Williams asserts his claims on grounds that the CDOC allegedly discriminated against him and failed to accommodate him when he was assigned to work in the kitchen in July 2019 and at any time up to and including September 23, 2019, his claims are time-barred because they accrued more than two years before he brought this action on September 24, 2021. For this reason, the CDOC respectfully requests that the Court dismiss Mr. Williams's claims to the extent they are premised on his assignment to work in the kitchen in July 2019 and CDOC's alleged failure to accommodate him through September 23, 2019.

II.    **Mr. Williams's claims for damages for emotional or mental injury should be dismissed because are not recoverable under the Rehabilitation Act or Title II of the ADA.**

Mr. Williams seeks damages primarily for emotional or mental injury, namely "for emotional distress, embarrassment, humiliation, loss of enjoyment of life, and other pain and suffering . . . ." Am. Compl. at 15 (ECF No. 10). Based on a recent Supreme Court case, these

5

sorts of mental and emotional damages are not authorized under the Rehabilitation Act or, by extension, Title II of the ADA.

In *Cummings v. Premier Rehab Keller, P.L.L.C.*, --- U.S. ----, 142 S. Ct. 1562, 1571 (2022), the Supreme Court considered the types of remedies available under the Rehabilitation Act,[1] as well as the Affordable Care Act (the ACA), and specifically, whether those laws permit a plaintiff to recover damages for mental or emotional injury. *Id.* at 1565, 1568. Noting that both statutes were silent on this question, the Supreme Court explained that because the laws conditioned receipt of federal funds on the waiver of Eleventh Amendment sovereign immunity by state governments accepting those funds, they essentially should be seen as establishing a contractual type of relationship between the federal and state governments. *Id.* at 1570. Therefore, the Court reasoned, that analogy compels the conclusion that the relief available to private plaintiffs for Rehabilitation Act and ACA claims are limited to "the *usual* contract remedies in private suits." *Id.* at 1571 (emphasis in original). And, according to the Court, it is well-established that *those* remedies do not include damages for emotional or mental distress or disturbance. *Id.* at 1571-72. As such, according to *Cummings*, a plaintiff pursuing a discrimination claim under the Rehabilitation Act and/or the ACA cannot recover damages for mental or emotional harm. *Id.*

---

[1] The Rehabilitation Act is a precursor to Title II of the ADA, and it permits (in relevant part) a disabled individual to sue a government entity that accepts federal funds for disability-based discrimination. *See Anderson v. Colo. Dep't of Corr.*, 848 F. Supp. 2d 1291, 1300 n.2 (D. Colo. 2012) ("The Rehabilitation Act is materially identical to and the model for the ADA[;] the elements are the same except the Rehabilitation Act requires that defendant receive federal funds" (quotations omitted).); *Rogers v. Colo. Dep't of Corr.*, No. 16-CV-02733-STV, 2019 WL 1558081, at *2 (D. Colo. Apr. 9, 2019).

6

To be sure, *Cummings* addressed only the Rehabilitation Act and the ACA, not Title II of the ADA. But Title II was not enacted in a vacuum; instead, as noted above, it was passed into law after the Rehabilitation Act, and the earlier statute served as a model for that part of the ADA. *See Anderson*, 848 F. Supp. 2d at 1300 n.2; *Rogers*, 2019 WL 1558081, at *2. That is reflected in the enforcement procedures authorized by Title II, which specifies in relevant part: "[t]he remedies, procedures, and rights set forth in [the enforcement provision of the Rehabilitation Act] shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of [the anti-discrimination provision] of [Title II]." 42 U.S.C. § 12133.

In other words, Title II of the ADA *expressly* incorporates the remedy provision in the Rehabilitation Act, and whatever remedies are authorized by the latter – and only those remedies – are available under the former. *See Johnson v. Ed Bozarth No. 1 Park Meadows Chevrolet, Inc.*, 297 F. Supp. 2d 1286, 1289-90 (D. Colo. 2004); *Mullen v. Bd. of Commissioners of the Cty. of Adams*, No. 1:21-CV-02398-CNS-MDB, 2022 WL 17261428, at *3 (D. Colo. Nov. 29, 2022) ("Title II 'incorporates the remedies, procedures, and rights" of § 794a of the Rehabilitation Act….'") (internal citation omitted); *see also Tyler v. City of Manhattan*, 118 F.3d 1400, 1408 (10th Cir. 1997) (Jenkins, J, dissenting) (noting same).

Extrapolating from those principles, if the remedies for disability-based discrimination under Title II of the ADA are limited to the remedies authorized under the Rehabilitation Act, and if – as recently held by the Supreme Court – the remedies authorized under the Rehabilitation Act do not include damages for mental or emotional harm, then the only logical conclusion is that a Title II plaintiff cannot recover for those sorts of mental or emotional

7

injuries, either. And although no circuits or district courts within the Tenth Circuit have addressed that issue yet, in the handful of months since *Cummings* was handed down, a number of district courts around the country have, and they are virtually unanimous in their conclusion that the Supreme Court's decision effectively precludes the recovery of damages for mental or emotional distress or disturbance for a Title II disability-based discrimination claim. *See, e.g., A.W. by & through J.W.; E.M. by & through B.M; M.F. by & through J.C.; & D.G. by & through D.G. v. Coweta County School District & Christi Hildebrand*, No. 3:21-CV-218-TCB, 2022 WL 18107097, at *3 (N.D. Ga. Nov. 16, 2022) (cataloguing decisions from five other district courts concluding that *Cummings* applies to Title II claims, and noting that "[p]laintiffs have not pointed to, nor is the Court aware of, a case post-*Cummings* reaching a different conclusion"); *Faller v. Two Bridges Reg'l Jail*, No. 2:21-CV-00063-GZS, 2022 WL 17260763, at *1 (D. Me. Nov. 2, 2022) ("Given this language, the Court concludes that Plaintiff cannot pursue a remedy on her ADA claim that is not available under Rehabilitation Act. Thus, she is foreclosed from recovering damages for emotional distress on both claims proceeding to trial in this matter."); *Hill v. SRS Distribution Inc.*, No. CIV 21-370-TUC-CKJ, 2022 WL 3099649, at *5 (D. Ariz. Aug. 4, 2022) (noting that "the Supreme Court recently held that damages for emotional distress are not recoverable under the Rehabilitation Act; it is therefore unlikely such damages are available under the ADA"); *Wolfe v. City of Portland*, No. 3:20-CV-1882-SI, 2022 WL 2105979, at *6 (D. Or. June 10, 2022) (same).

      Here, Mr. Williams appears to seek compensatory damages primarily for mental or emotional injury. His allegations do not identify with specificity any economic damages he might have suffered as a result of his allegedly being fired from the prison kitchen job where he

8

alleges he could not work and, as a result, being reclassified from medium custody to close custody. Because he cannot recover damages for mental or emotional injury in an ADA or Rehabilitation Act action, his claims must be dismissed to the extent he seeks compensatory damage for such injuries.

## CONCLUSION

For the foregoing reasons, the CDOC respectfully requests that the Court dismiss Mr. Williams's claims in part, as set forth above.

Respectfully submitted January 24, 2023.

        PHILIP J. WEISER
        Attorney General

        *s/ Ann Stanton*
        ANN STANTON*
        Assistant Attorney General
        Civil Litigation & Employment Section
        1300 Broadway, 10th Floor
        Denver, CO 80203
        Telephone: (720) 508-6000
        FAX: (720) 508-6032
        Email: ann.stanton@coag.gov
        *Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **Defendant's Partial Motion to Dismiss Amended Complaint (ECF No. 10) Under Fed. R. Civ. P. 12(b)(6)** upon all parties herein by e-filing with the CM/ECF system maintained by the court this 24th day of January, 2023, which will send electronic notification to the following:

Samuel D. Weiss
Oren Nimni
Rights Behind Bars
416 Florida Avenue NW
Suite 26152
Washington, DC 20001
sam@rightsbehindbars.org
oren@rightsbehindbars.org
*Attorney for Plaintiff*

*Courtesy copy e-mailed to:*
Adrienne Sanchez, CDOC

 *s/ Jim L. Mules*