## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
## EASTERN DIVISION

| | | |
|---|---|---|
| Charles Williams | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 21-cv-2595 |
| | ) | |
| Colorado Department of Corrections | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S
## PARTIAL MOTION TO DISMISS

**I.      Mr. Williams Is Not Alleging an Independent Disability Law Violation of Defendant's Pre-September 2019 Conduct.**

Charles Williams's disability claims center on his September 26, 2019 firing from the kitchen for work he was physically incapable of doing as well as the firing's consequences. Am. Compl. ¶¶ 26, 29. His complaint includes allegations beginning in 2018 that he was suffering from back pain and that this suffering was acknowledged and partially accommodated by the facility. *Id.* at ¶¶ 11–18. These allegations serve several purposes: they demonstrate Defendant's awareness of his disability; his need for accommodation; and their deliberate indifference to the violation of his rights under disability law. Williams does not, however, allege that they state separate claims as violative of the Americans with Disabilities Act or Rehabilitation Act. In so much as Defendant asks this Court to "dismiss Mr. Williams's claims to the extent they are premised on his assignment to work in the kitchen in July 2019," Mr. Williams does not purport to state such a claim.[1]

---

[1] The exact date of when Mr. Williams's statute of limitations ran is not amenable to resolution pre-discovery given that his claim may have been tolled while he exhausted his administrative remedies. *See Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010). However, as Defendant concedes that

II.     **Mr. Williams's Claims for Damages for Emotional or Mental Injury Should Not Be Dismissed.**

The U.S. Supreme Court's recent decision in *Cummings v. Premier Rehab Keller, P.L.L.C.* held that damages for emotional injury were not available for violations of the Rehabilitation Act. 142 S. Ct. 1562, 1569 (2022). Its analysis was expressly limited, and reliant on, the contractual dynamic of Spending Clause litigation such as the Rehabilitation Act. *Id.* Title II of the Americans with Disabilities Act, by contrast, is not Spending Clause legislation and therefore does not invoke the same contractual issues that dictated the outcome in *Cummings. See, e.g., Coleman v. Cedar Hill Indep. Sch. Dist.*, No. 3:21-CV-2080-D, 2022 WL 1470957, at 3 n. 2 (N.D. Tex. May 10, 2022) (refusing to extend *Cummings* to Title IX or Americans with Disabilities Act claims); *Doe v. Purdue Univ.*, No. 18-CV-89-JEM, 2022 WL 2828238, at *4 (N.D. Ind. July 20, 2022) (refusing to extend *Cummings* to Title IX claim). Although as a general matter, Title II remedies—which sought to extend the principles of the Rehabilitation Act to state governments—mirror those of the Rehabilitation Act, Doc. 38 at 7, it would make little sense to do so when the only basis for limiting a particular remedy is a contract theory that Title II of the ADA lacks as legislation imposed on the states as part of Congress's Fourteenth Amendment, Section 5 enforcement power.

Dated: February 17, 2023                      Respectfully submitted,


                                              RIGHTS BEHIND BARS

                                              By: */s/ Samuel Weiss*
                                              Samuel Weiss
                                              Oren Nimni

---

the claim involving Williams's firing is timely, Doc. 38 at 5, and Williams concedes he does not state an independent claim for Defendant's pre-September 2019 conduct, resolution of the question does not appear to be necessary.

416 Florida Avenue, NW #26152
Washington, D.C. 20001
(206) 200-9088
sam@rightsbehindbars.org

*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, I served a copy of the Plaintiff's Partial Opposition to Defendant's Motion to Dismiss upon all parties by e-filing with the CM/ECF system.

Date:   February 17, 2023

*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001
Counsel for Charles Williams