IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02595-NYW-NRN

CHARLES WILLIAMS,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT (ECF NO. 10) UNDER FED. R. CIV. P. 12(B)(6) (ECF NO. 38)**

Defendant Colorado Department of Corrections (CDOC), through the Colorado Attorney General, respectfully submits this Reply in support of its Partial Motion to Dismiss Amended Complaint (ECF No. 10) under Fed. R. Civ. P. 12(b)(6) (ECF No. 38).

### ARGUMENT

**I. Damages for emotional or mental injury are not recoverable under the Rehabilitation Act or Title II of the ADA.**

In this action under the Rehabilitation Act and the Americans with Disabilities Act (the ADA), Plaintiff Charles Williams primarily seeks damages for emotional or mental injury—namely "for emotional distress, embarrassment, humiliation, loss of enjoyment of life, and other pain and suffering . . . ." Am. Compl. at 15 (ECF No. 10). As stated in the Motion to Dismiss, a recent Supreme Court case holds that these sorts of damages are unavailable under the Rehabilitation Act. Mot. to Dismiss at 5-6 (ECF No. 38) (citing *Cummings v. Premier Rehab*

1

*Keller, P.L.L.C.*, --- U.S. ---, 142 S. Ct. 1562, 1571 (2022)). By extension, these damages are also unavailable under Title II of the ADA. *Id.* at 7-9.

Mr. Williams concedes that these sorts of mental and emotional damages are unavailable under the Rehabilitation Act. *See* Resp. at 2 (ECF No. 44). He argues, however, that these damages should remain available to him under the ADA because the ADA "is not Spending Clause legislation and therefore does not invoke the same contractual issues that dictated the outcome in *Cummings*," even if the available remedies under Title II "mirror those of the Rehabilitation Act." *Id.*

Yet the available remedies under Title II of the ADA do not simply "mirror" those available under the Rehabilitation Act. The plain text of Title II's enforcement procedures provides that: "The remedies, procedures, and rights set forth in section 794a of Title 29 [i.e., the enforcement provision of the Rehabilitation Act] *shall be* the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 [i.e., the anti-discrimination provision] of this title." 42 U.S.C. § 12133 (emphasis added). The available remedies under Title II are thus expressly limited to those available under the Rehabilitation Act. Accordingly, "the fact that the ADA was not enacted pursuant [to] the Spending Clause is 'quite irrelevant.'" *A.T. v. Oley Valley School Dist.*, NO. 17-4983, 2023 WL 1453143, at *3 (E.D. Pa. Feb. 1. 2023) (quoting *Barnes v. Gorman*, 536 U.S. 181, 189 n.3 (2002)). *See also Ingram v. Kubik*, 30 F.4th 1241, 1259 (11th Cir. 2022) ("Although Title II is not Spending Clause legislation, its text expressly incorporates the remedies available under a statute that is[.]").

In support of his argument, Mr. Williams cites to one case in which a court declined to extend *Cummings* to an ADA claim. *See* Resp. at 2 (citing *Coleman v. Cedar Hill Independent Sch. Dist.*, Civil Action No. 3:21-CV-2080-D, 2022 WL 1470957, at *3 n.2 (N.D. Tex. May 10, 2022)).[1] That decision is readily distinguishable, however. In *Coleman*, a teacher sued the school district that had employed her, asserting claims under the ADA, the Rehabilitation Act, the Family and Medical Leave Act of 1993, and a Texas state law claim. *Coleman*, 2022 WL 1470957, at *1. She sought many forms of compensatory damages, including for mental anguish. *Id.* In a discovery dispute concerning the release of the teacher's mental health records, the court held that the teacher had placed her mental health at issue by seeking mental anguish damages, and thus medical records related to her mental anguish were relevant to the case. *Id.* at *3. The court acknowledged *Cummings* in a short footnote, stating that the case was decided after briefing on the motion to compel was completed, and that "[b]ecause Coleman's claims are not limited to the Rehabilitation Act, *Cummings* does not alter the court's analysis as it relates to her other claims." The *Coleman* court thus did not engage in a fulsome analysis of *Cummings*'s implications for ADA claims. Nor did it expressly hold that *Cummings* did not extend to the ADA.

Indeed, with few exceptions like *Coleman*, nearly all federal courts that have considered this question are unanimous in holding that *Cummings* effectively precludes the recovery of damages for mental or emotional distress or disturbance for a Title II disability-based discrimination claim. *See* Mot. to Dismiss at 8 (ECF No. 38) (collecting cases); *see also, e.g.*,

---

[1] Mr. Williams also cites a case in which a court declined to extend *Cummings* to a Title IX claim. *See* Resp. at 2 (citing *Doe v. Purdue Univ.*, No. 18-CV-89-JEM, 2022 WL 2828238, at *4 (N.D. Ind. July 20, 2022)). Mr. Williams has not asserted a Title IX claim in this action.

3

*Pennington v. Flora Community Unit School Dist. No. 35*, Case No. 3:20-CV-11-MAB, 2023 WL 348320, at *2 (S.D. Ill. Jan. 20, 2023) ("Because Title II of the ADA incorporates the remedies set forth in the Rehab Act . . . it therefore follows that emotional distress damages are also not available in suits brought under the ADA."); *A.T.*, 2023 WL 1453143, at *3 ("[A]lthough the ADA is not Spending Clause legislation, its text expressly incorporates the remedies available under a statute that is—the RA. Plaintiffs may therefore not seek compensatory emotional damages under the ADA in this action.").

Because Mr. Williams cannot recover damages for mental or emotional injury in either an ADA or a Rehabilitation Act action, his claims must be dismissed to the extent he seeks compensatory damage for those injuries.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion to Dismiss, the CDOC respectfully requests that the Court dismiss Mr. Williams's claims in part, as set forth in the Motion to Dismiss.

Respectfully submitted March 17, 2023.

PHILIP J. WEISER
Attorney General

*s/ Ann Stanton*
ANN STANTON*
Assistant Attorney General
Civil Litigation & Employment Section
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
FAX: (720) 508-6032
Email: ann.stanton@coag.gov
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **Reply in Support of Defendant's Partial Motion to Dismiss Amended Complaint (ECF No. 10) Under Fed. R. Civ. P. 12(b)(6)** upon all parties herein by e-filing with the CM/ECF system maintained by the court this 17th day of March, 2023, which will send electronic notification to the following:

Oren Nimni  
Rights Behind Bars  
416 Florida Avenue NW  
Suite 26152  
Washington, DC 20001  
oren@rightsbehindbars.org  
*Attorney for Plaintiff*

*Courtesy copy e-mailed to:*  
Adrienne Sanchez, CDOC

 s/ Jim L. Mules