IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02595-NYW-NRN

CHARLES WILLIAMS,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

Defendant.

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND REQUEST FOR RELIEF

Defendant Colorado Department of Corrections ("CDOC"), through the Colorado

Attorney General, submits the following Answer to Plaintiff's Amended Complaint and Request

for Relief (ECF No. 10, filed November 29, 2021).

### INTRODUCTION

1.      The CDOC admits that Charles Williams was a prisoner within the CDOC at the

time he filed his Amended Complaint. Except as expressly admitted in this paragraph, the CDOC

denies the allegations in Paragraph 1.

### PARTIES

2.      The CDOC admits that, at the time of filing the Amended Complaint, Mr.

Williams was incarcerated at Buena Vista Correctional Complex. The CDOC is without

sufficient information to admit or deny the remaining allegations in Paragraph 2 and, on that

basis, denies the allegations.

1

3.      The CDOC admits that the CDOC is a Colorado state agency charged with supervising and controlling each state correctional facility pursuant to § 24-1-128.5(1.5), C.R.S.

4.      Paragraph 4 calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, the CDOC denies the allegations in Paragraph 4.

5.      Admitted.

## JURISDICTION AND VENUE

6.      The CDOC admits that Mr. Williams purports to invoke the jurisdiction of the Court pursuant to the statutory authority cited in Paragraph 6. Whether Mr. Williams has properly invoked that jurisdiction is a legal question for which a response is neither required nor appropriate. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 6.

7.      The CDOC admits that venue is proper in the District of Colorado. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 7.

8.      Paragraph 4 calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, the CDOC denies the allegations in Paragraph 4.

## FACTS

9.      The CDOC admits that, at all relevant times, he was incarcerated at the Buena Vista Correctional Complex within the CDOC. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 9.

10.     The CDOC is without sufficient information to admit or deny the allegations in Paragraph 10 and, on that basis, denies the allegations.

11.      The CDOC admits that, at relevant times, Mr. Williams was receiving treatment for bilateral neuropathy and low back pain, and he had work restrictions of "No Standing Over 2 Hours" and "No Repetitive Bending at the Waist," and a lower bunk housing restriction. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 11.

12.      The CDOC admits that in the summer of 2019, Mr. Williams was assigned to work in the kitchen. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 12.

13.      The CDOC admits that Mr. Williams received a clinical services "lay in" on July 15, 2019 identifying "No yard or gym" as restricted activities until August 1, 2019. Except as expressly admitted in this Paragraph, the CDOC denies the allegations in Paragraph 13.

14.      The CDOC admits that on August 29, 2019, Mr. Williams was presented to the job board and assigned to work in food service. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 14.

15.      The CDOC admits that Mr. Williams submitted step 1, 2, and 3 grievances dated July 3, 2019, July 31, 2019, and August 29, 2019, asserting that he was not physically capable of working in the kitchen. The CDOC further admits that Mr. Williams submitted a kite to his case manager on or about July 1, 2019 regarding his referral to food service and his work restrictions, and that he was told Food Service would accommodate him. The CDOC further admits that on September 12, 2019, Mr. Williams asked his case manager to contact the Health Services Administrator (HSA) regarding a medical lay-in, and on September 17, 2019, Mr. Williams's case manager notified Mr. Williams that the HSA had determined he was not eligible for a

medical lay-in. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 15.

16. The CDOC is without sufficient information to admit or deny the allegations in Paragraph 16 and, on that basis, denies the allegations.

17. The CDOC is without sufficient information to admit or deny the allegations in Paragraph 17 and, on that basis, denies the allegations.

18. The CDOC is without sufficient information to admit or deny the allegations in Paragraph 18 and, on that basis, denies the allegations.

19. The CDOC is without sufficient information to admit or deny the allegations in Paragraph 19 and, on that basis, denies the allegations.

20. The CDOC admits that Mr. Williams requested to be seen in the Health Services Clinic on September 22, 2019 to get a medical lay-in for back pain so he would not need to go to work. The CDOC further states that a clinic nurse reviewed Mr. Williams's chart and declined to see him for a medical lay-in from the kitchen. The CDOC is without sufficient information to admit or deny whether Mr. Williams "reported to the kitchen and was waved away" and, on that basis, denies the allegation. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 20.

21. The CDOC admits that on September 23, 2019 Mr. Williams self-declared a medical emergency and reported worsening back pain symptoms. The CDOC is without sufficient information to admit or deny the remaining allegations in Paragraph 21 and, on that basis, denies the allegations.

22.     The CDOC admits that Mr. Williams was seen in medical by nursing staff for his self-declared emergency, who discussed his medical care with physician assistant Heather Damon. The CDOC further admits that PA Damon gave verbal orders for Mr. Williams to receive lumbar and thoracic spine x-rays and that Mr. Williams not work for 10 days. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 22.

23.     Denied. AR 750-01 is an administrative regulation concerning Offender Legal Services.

24.     The CDOC is without sufficient information to admit or deny the allegations in Paragraph 24 and, on that basis, denies the allegations.

25.     The CDOC is without sufficient information to admit or deny the allegations in Paragraph 25 and, on that basis, denies the allegations.

26.     The CDOC admits that a CDOC officer drafted an incident report on September 23, 2019 stating that Mr. Williams refused to work due to back pain, and that Mr. Williams stated he had already spoken to medical about the issue and gets three unexcused absences per month. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 26.

27.     The CDOC admits that on October 3, 2019, Mr. Williams was regressed to close custody for failure to comply with assignments after he was terminated from food service on September 23, 2019 for refusal to work. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 27.

28.      The CDOC admits that Mr. Williams submitted an offender appeal concerning the classification action. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 28.

29.      The CDOC is without sufficient information to admit or deny the allegations in Paragraph 29 and, on that basis, denies the allegations.

30.      The CDOC is without sufficient information to admit or deny the allegations in Paragraph 30 and, on that basis, denies the allegations.

31.      Denied.

32.      Denied.

## EXHAUSTION

33.      Admitted.

34.      The CDOC admits that Mr. Williams submitted step 1, step 2, and step 3 grievances dated October 29, 2019, December 20, 2019, and January 19, 2020, in which he alleged that he could not perform the essential functions of his position in food service and was not provided with AR Form 750-04A or put in contact with the ADA Inmate Coordinator for an interactive accommodation process, and requesting that CDOC initiate an accommodation process for him in all future job placements. Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 34.

35.      Denied. Mr. Williams's Step 2 grievance was granted in part on January 16, 2020, and CDOC's grievance responders provided detailed information in their responses concerning how to request an AR 750-04A form from a job supervisor and how to contact the ADA Inmate

Coordinator to discuss any concerns, as there was no evidence that Mr. Williams had ever made any such request previously.

      36.     Admitted.

## CLAIMS FOR RELIEF

### Count I – Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.

      37.     The CDOC incorporates all preceding paragraphs in this Answer as if fully set forth here.

      38.     Denied.

      39.     The CDOC admits that 42 U.S.C. § 12132 states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 39.

      40.     Paragraph 40 calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, the CDOC denies the allegations in Paragraph 40.

      41.     Paragraph 41 calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, the CDOC denies the allegations in Paragraph 41.

      42.     The CDOC is without sufficient information to admit or deny the allegations in Paragraph 42 and, on that basis, denies the allegations.

      43.     Denied.

      44.     Denied.

      45.     Denied.

**Count II – Rehabilitation Act, 29 U.S.C. § 701 et seq.**

46.     The CDOC incorporates all preceding paragraphs in this Answer as if fully set forth here.

47.     The CDOC admits that 29 U.S.C. § 794(a) states: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." Except as expressly admitted in this paragraph, the CDOC denies the allegations in Paragraph 47.

48.     Admitted.

49.     Paragraph 41 calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, the CDOC denies the allegations in Paragraph 49.

50.     The CDOC is without sufficient information to admit or deny the allegations in Paragraph 50 and, on that basis, denies the allegations.

51.     Denied.

52.     Denied.

53.     Denied.

**PRAYER FOR RELIEF**

54.     The CDOC denies that Mr. Williams is entitled to an entry of judgment or any of the relief requested.

**GENERAL DENIAL**

The CDOC denies each and every allegation contained within Mr. Williams's Amended Complaint (ECF No. 10) unless expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.       Mr. Williams's Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.       Mr. Williams's claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited, or qualified immunity.

3.       The CDOC affirmatively asserts that Mr. Williams's federal and state rights were not violated and that Mr. Williams has been afforded all the rights, privileges, and immunities granted by the United States Constitution and Colorado law.

4.       The CDOC affirmatively asserts that it followed established regulations and procedures and the laws passed by the Colorado State legislature in regards to the claims at issue.

5.       The CDOC's actions, applicable regulations, and state laws are supported by legitimate penological interests, goals, and objectives.

6.       The CDOC's actions, applicable regulations, and state laws are supported by compelling interests, goals, and objectives, and constitute the least restrictive means of effectuating those interests, goals, and objectives.

7.       Mr. Williams's claims may be barred in whole or in part by the Prison Litigation Reform Act, including, but not limited to, the physical injury and exhaustion requirements of the Prison Litigation Reform Act.

8.       Mr. Williams's claims may be barred in whole or in part by the applicable statute(s) of limitations.

9.       Mr. Williams's claims may be barred in whole or in part by the doctrines of collateral estoppel and res judicata.

10.     Mr. Williams is not entitled to the relief being sought or claimed in the Amended Complaint under the legal theories asserted therein.

11.     Mr. Williams may have failed to mitigate his damages.

12.     Mr. Williams's claimed damages, if any, may have been caused by a third person(s) over whom the CDOC had or has no control.

13.     Any injuries which Mr. Williams claims to have pre-existed any alleged acts or omissions on the part of the CDOC.

14.     Mr. Williams's claims may be barred or limited by the doctrines of waiver, estoppel, and laches.

15.     Mr. Williams's claimed damages may have been caused by the negligence of Mr. Williams.

16.     The CDOC reserves the right to assert additional defenses that become known during the course of discovery.

## JURY DEMAND

The CDOC hereby demands the right to a trial by jury.

Respectfully submitted June 12, 2023.

PHILIP J. WEISER
Attorney General

*s/ Ann Stanton*
_____
ANN STANTON*
Assistant Attorney General
Civil Litigation & Employment Section
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
FAX: (720) 508-6032
Email: ann.stanton@coag.gov

*Counsel of Record

Case No. 1:21-cv-02595-NYW-NRN   Document 56   filed 06/12/23   USDC Colorado   pg 11 of 12

**CERTIFICATE OF SERVICE**

This is to certify that I have duly served the within Defendant's Answer to Amended Complaint and Request for Relief upon all parties herein by e-filing with the CM/ECF system maintained by the court this 12th day of June, 2023, which will send electronic notification to the following:

Samuel D. Weiss
Oren Nimni
Rights Behind Bars
416 Florida Avenue NW
Suite 26152
Washington, DC 20001
sam@rightsbehindbars.org
oren@rightsbehindbars.org
*Attorney for Plaintiff*

*Courtesy copy e-mailed to:*
Adrienne Sanchez, CDOC

*s/ Jim L. Mules*