IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>COLORADO DEPARTMENT OF CORRECTIONS<br><br>Defendant, | Case No. 21-cv-295-NYW-NRN |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST WRITTEN DISCOVERY REQUESTS TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Charles Williams, by and through undersigned counsel, hereby objects and responds to Defendant's First Written Discovery Requests to Plaintiff.

Plaintiff provides these objections based upon the investigation conducted in the time available since service of the Requests. Without in any way obligating himself to do so, Plaintiff reserves the right: (a) to make subsequent revisions or amendments to his objections based upon information, evidence, documents, facts and/or other things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence and information in any proceedings or at any trial held hereafter.

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections, which are expressly incorporated into each of the Objections to the Requests below as if set forth in full and without waiving these

**EXHIBIT
G**

General Objections.

1. Plaintiff objects that the Requests seek documents that are available through less burdensome means of discovery or other sources in that the documents requested are: (a) in the possession, custody, or control of Defendant; and/or (b) publicly available or otherwise equally available to Defendant.

2. Plaintiff objects to the Requests to the extent that they call for the production of materials that are not relevant to the subject matter of this action, not relevant to a claim or defense of any party to this action, or not proportional to the needs of the case.

3. Plaintiff objects that Defendant has failed to take reasonable steps to avoid imposing undue burden or expense on Plaintiff, particularly with respect to overly broad requests that seek "all documents" relating to certain subjects.

4. Plaintiff objects to the Requests to the extent that they are vague, ambiguous, do not describe the documents to be produced with reasonable particularity, or impose on Plaintiff an unreasonable burden of inquiry.

5. Plaintiff objects that the Requests seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other privileges, immunities, and legal protections against disclosure. Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work-product doctrine, right to privacy, or any other applicable privilege, doctrine, law, immunity, or rule protecting information from disclosure. To the extent that Plaintiff produces documents in response to the Requests, such production is not intended to waive any privilege, right to privacy, or other applicable protection with respect to any document produced. In the event that a privileged or otherwise protected document is inadvertently produced by Plaintiff, such

**EXHIBIT G**

production shall be deemed inadvertent and shall not constitute a waiver of Plaintiff's right to assert the applicability of any privilege for such document. Plaintiff reserves the right to demand the return of any such document and all copies thereof.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the names and current or last known address and telephone numbers of all persons who have knowledge of any fact regarding the incident or related in any way to the allegations in your First Amended Complaint.

**OBJECTION:** Plaintiff objects that this request is unduly burdensome, overly broad, and not proportional to the needs of the case. Plaintiff further objects that the request is vague and ambiguous. Plaintiff further objects that this request seeks documents and information that are publicly available or uniquely available to Defendant and not to him. Plaintiff is and has been in CDOC's custody during the incident AND for a long period afterwards.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff states that the following staff members have knowledge of the incident that occurred:

- Associate Warden Brian Coleman
- Simon Denwalt
- Austin Christienson
- Andrea Barton
- Lande Wilda
- Jennifer Hanson
- John Nitsch
- Ronald Armstrong
- Sergaent Salazar
- Bryant Gonzalez
- Miguel Class

**REQUEST NO. 2:** Have you ever been convicted of a felony? If so, for each such conviction state the city and state where you were convicted, the date of conviction, the offense, the court and case number, the sentence received, the location and dates of any incarceration or imprisonment, and if/when you are or became eligible for parole.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects that this information is already in their possession. It is also irrelevant to any aspect of this case.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff states that he has been convicted of the following felonies including:

- Dangerous Drugs Controlled Substance-Possession Schedule 2-O, Westminster, Colorado, 2005

- Receive Stolen Property, Adams County, Colorado, 2006

**REQUEST NO. 3:** Have you made any notes, diaries, journals, kites, memoranda, logs, tape recordings or documents of facts or events regarding the incident or related in any way to the allegations in your First Amended Complaint? If so, please provide:
a. the name and address of the person currently in possession of the document;

b. the date each document was made;

c. the purpose for making such document;

d. the subject matter of each document; and

e. please produce the document.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent that this request seeks documents or records that are in Defendant's possession, custody, or control.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff states that all responsive documents in his custody or possession were produced as initial disclosures. Plaintiff will continue searching his possessions and produce any additional documentation responsive to this request.

**REQUEST NO. 4:** State the names, addresses, dates of employment, job titles, beginning and ending wage or compensation for each position, and the nature of work for each employer or self-employment you have had from ten years before the incident until today.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff states that

- From January 2023–June 2023, Plaintiff worked as a security guard for ViewHouse Ballpark as a security guard. The nature of his job was making sure that patrons were safe and followed the rules of the establishment. He made approximately 20 dollars per hour.
- For the previous stretch, he was in Defendant's custody.

**REQUEST NO. 5:** Describe any and all injuries that you attribute to the incident, including the injury, the source of injury, any effects on you, and the start and end date of the injury.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects this request seeks documents or records to the extent it seeks documents that not are in Defendant's possession, custody, or control.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff responds that he suffers from general pain and discomfort, degenerative disc disease, and bilateral neuropathy, continuing to present. The incident, and its resulting reclassification, resulted in a loss of gym privileges and yard privileges to do certain exercises. He still cannot stand for long periods of time or sit for long period of time. He has flares of pain. When he does not do his stretching exercises, he loses mobility and agility and it exacerbates his pain. He suffered a subsequent back injury in 2023 that exacerbated his existing injuries and resulted in three broken bones at the bottom of his spine. He is still learning the long-term consequences of that injury.

**REQUEST NO. 6:** Describe any and all medication, prescribed or not, that you have taken as a result of injuries that you attribute to the incident, when you took each medication, and the dosage of each medication.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects this request seeks documents or records to the extent it seeks documents that are in Defendant's possession, custody, or control.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff responds that he currently takes 15 mg Mobic, 600 mg of Ibuprofen, and extra strength acetaminophen 500mg.

**REQUEST NO. 7:** Identify any and all health care providers that provided services or consultations for any injuries you attribute to the incident, the date on which you saw each health care provider, and the treatment provided by each health care provider.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects this request seeks documents or records to the extent it seeks documents that not are in Defendant's possession, custody, or control.

**RESPONSE:** Subject to and without waiving any objections, once out of Defendant's custody, Plaintiff saw Grace E Lowen, a Nurse Practitioner, on December 13, 2022. She referred him to an orthopedic surgeon at Orthopedics of the Rockies, Daniel Robert Possley. He went to the referral and saw Audrey Elizabeth Kramer, a nurse practitioner who provided an MRI and x-ray and referred him to physical therapy.

**REQUEST NO. 8:** Has any health care provider advised that you may require future or additional treatment for any injuries that you attribute to the incident? If so, describe the nature of that advice and identify the health care provider who provided it.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects this request seeks documents or records to the extent it seeks documents that not are in Defendant's possession, custody, or control.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff responds that his disc disease is degenerative, so by its nature it gets worse and will require further treatment in the future. This has been a premise of all interactions with medical staff both before and after the

incident.

**REQUEST NO. 9:** At the time of the incident, did you have any physical, emotional, or mental disability or condition? If so, state and describe each physical, emotional, or mental disability or condition.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects this request seeks documents or records to the extent it seeks documents that not are in Defendant's possession, custody, or control.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff responds that his physical, emotional or mental disability or conditions at the time of the incident included: degenerative disc disease; bilateral neuropathy; generalized anxiety disorder; diabetes; high blood pressure; high cholesterol.

**REQUEST NO. 10:** Do you allege that any CDOC officer, employee, agent, or contractor ever made any statements or admissions as to any allegation regarding the incident? If your answer is in the affirmative, for each such statement or admission, provide the name of the person making such statement or admission; the name of the person to whom said statement or admission was made; and the statement or admission you allege was made.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:** Subject to and without waiving any objections, Plaintiff responds with the following statements:

- Plaintiff was discussing the incident with staff member Hitchland, who told him that he was not getting disciplined and that, "if you get reclassed and sent to lower north, that's just because you pissed off Denwalt."

- Plaintiff had several conversations on the incident with Sergeant Wagner, who was also present when Denwalt signed his reclassification. Plaintiff showed Denwalt the excuse from medical and Denwalt said, "You could've forged that. I went down to medical and

they said they never saw you." Wagner added, "I don't know what you did to him [i.e. Denwalt], but he doesn't like you [i.e. Williams]."

**INTERROGATORY NO. 11:** Please describe with particularity all of the relief that you are seeking in this case, including the specific amount of damages that you seek, how you calculated that amount, and any other kind of relief that you seek.

**OBJECTION:** Plaintiff objects that this request seeks information protected by the attorney work product rule.

**RESPONSE:** Plaintiff seeks $250,000 in compensatory damages for disability discrimination and the incident's resulting reclassification.

**INTERROGATORY NO. 12:** Are you claiming that you lost income or earning capacity as a result of the incident? If so, state the facts upon which you base this contention; the dates you did not work because of the incident; the total amount lost; an estimate of how long you will be unable to work; an estimated amount of any future income lost; and how any claim for lost or future income is calculated.

**RESPONSE:** No.

**INTERROGATORY NO. 13:** Please describe with particularity each and every action of every kind and type you took to mitigate or reduce any element of claimed damages, losses and injuries in this matter.

**OBJECTION:** Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:** When in close custody, Plaintiff nonetheless attempted to do his prescribed exercises and stretches to mitigate his back injury when able to do so.

**INTERROGATORY NO. 14:** Identify all individuals (other than your attorneys) with whom you have at any time discussed this lawsuit, the incident, the grounds for this lawsuit, or your belief that the CDOC or its staff intentionally discriminated against you on the basis of disability, failed to accommodate your disability, or was deliberately indifferent to a risk of disability discrimination.

**OBJECTION:** Plaintiff objects that this request is overly broad and not proportional to the needs of the case.

**RESPONSE:** Plaintiff has not discussed the lawsuit with anyone other than his attorneys and CDOC staff.

**INTERROGATORY NO. 15**: Identify all methods of Communication (e.g. apps, email services, messaging services, telephone services, business software, social media, games) you used to communicate about any and all matters encompassed by the First Amended Complaint or other pleadings herein, including your account names, usernames, screen names, phone numbers, email addresses, and other account identifiers associated with those methods of communication.

**OBJECTION:** Plaintiff objects that this request is overly broad and not proportional to the needs of the case. Plaintiff objects that this request seeks information protected by attorney-client privilege.

**RESPONSE:** Plaintiff has not used technology to discuss matters encompassed by the First Amendment Complaint other than with his attorney.

**INTERROGATORY NO. 16**: Describe each and every exercise you were "medically prescribed to do to lessen [your] back pain."

**OBJECTION:** Plaintiff objects that this request is overly broad and unduly burdensome.

**RESPONSE:** The physical therapist at Buena Vista prescribed a number of different yoga poses and stretches. Plaintiff is not aware of their individual names. His medical provider Heather Damon would google different exercises and show them to him, including back-strengthening and spine-strengthening exercises. She also provided a pamphlet of yoga stretches, which he no longer possesses. He also was told to do traditional back-strengthening exercises including pull-ups and dips.

**INTERROGATORY NO. 17:** Did you file any grievances pursuant to the CDOC's grievance policy regarding the incident? If so, identify each specific grievance you filed; the name, address, and telephone number of each person to whom you submitted each grievance; the date, time, and location that you submitted each grievance to each person; the date you received a response to each grievance and/or other confirmation that the grievance was received; and the name, address, and telephone number of each person who provided a response to each grievance and/or other confirmation that the grievance was received.

**OBJECTION:** Plaintiff objects that this request seeks documents already in the possession of Defendant.

**RESPONSE**: Plaintiff turned over all grievances he possessed in his initial disclosures. These include an appeal from the classification decision on October 6, 2019; a Step 1 grievance on October 29, 2019; a Step 2 grievance on December 20, 2019; and a Step 3 grievance on January 19, 2020.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**: Admit that you told an officer on the morning of September 23, 2019 that you were not reporting to work in the kitchen and that you get three unexcused absences per month.

**RESPONSE**: Denied.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: Please produce copies of all documents or other information that you relied upon to answer these Interrogatories or Requests for Admission, or which respond to or answer, in part or in total, any of these Interrogatories or Requests for Admission.

**RESPONSE**: All documents relied on to answer these requests were provided to Defendant in Plaintiff's initial disclosures.

**REQUEST NO. 2:** Please produce any and all written or recorded statements, notes, diaries, journals, memoranda, logs, tape recordings, communications, or other documents of facts or events related in any way to the incident or to the allegations in your First Amended Complaint.

**OBJECTION:** Plaintiff objects that this request is overly broad and unduly burdensome.

**RESPONSE**: Plaintiff believes he turned over all such statements in his initial disclosures, but will continue searching and will supplement these responses with any documents that he discovers.

**REQUEST NO. 3:** Please produce all medical records and any other documents that relate to or concern any medical treatment you have received or will receive for any injuries that relate in any way to the incident.

**OBJECTION:** Plaintiff objects that this request seeks documents already in the possession of Defendant.

**RESPONSE**: Plaintiff does not currently possess any medical records that relate to or concern medical treatment that he received outside of CDOC custody but he will supplement these responses as necessary if he succeeds in obtaining them.

**REQUEST NO. 3 [sic]**: Please produce all documents that identify or describe any and all exercises you were instructed or prescribed to do to lessen back pain as alleged in paragraph 31 of the First Amended Complaint.

**RESPONSE**: Plaintiff does not possess any documents that identify or describe the exercises he was instructed to perform to lessen back pain.

**REQUEST NO. 4**: Please produce every document that supports the existence or amount of any item of damages claimed in the Amended Complaint.

**OBJECTION:** Plaintiff objects that this request is overly broad and unduly burdensome.

**RESPONSE**: Plaintiff believes he turned over all such documents that he possesses in his initial disclosures, but will continue searching and will supplement these responses with any documents that he discovers.

**REQUEST NO. 5**: Please produce copies of all documents that in any way support or verify any claim for lost wages or loss of earning capacity or other losses or damages.

**RESPONSE**: Plaintiff possesses no such documents related to any claim for lost wages or loss of earning capacity.

**REQUEST NO. 6**: Please produce copies of all formal or informal grievances you filed in relation to the incident and any responses received from CDOC in relation to those grievances.

**RESPONSE**: All copies of formal or informal grievances that Plaintiff possesses were disclosed in

his initial disclosures.

DATED: August 15, 2023

                                Charles Williams,

                                By and through his counsel,

                                /s/ Samuel Weiss

                                RIGHTS BEHIND BARS
                                416 Florida Ave. NW #26152
                                Washington, D.C. 20001
                                Tel: 202.455.4399
                                E-mail: sam@rightsbehindbars.org

                                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023 a copy of the Plaintiff's Responses and Objections to Defendant's First Written Discovery Requests to Plaintiff was transmitted to counsel for Defendant, Ann Stanton, by electronic mail.

                                                        /s/ Samuel Weiss