# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-02595-NYW-NRN

CHARLES WILLIAMS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant(s).

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The parties met and conferred about the contents of this order on December 5, 2024. Appearances for Plaintiff: Miriam Nemeth. Appearances for Defendant: Gregory Bueno and Kristin Lindemann.

### 2. JURISDICTION

The parties concur that jurisdiction in this matter arises under 28 U.S.C. § 1331, because this case raises claims under the Americans with Disabilities Act and the Rehabilitation Act.

### 3. CLAIMS AND DEFENSES

**Plaintiff:** Plaintiff Charles Williams claims that Defendant Colorado Department of Corrections (CDOC) intentionally discriminated against him in violation of the Americans with Disabilities Act and the Rehabilitation Act when it removed him from his work

1

assignment and reclassified him to a more restrictive housing level on the basis of his disability.  CDOC medical staff and Mr. Williams's supervisors at his job placement were all aware of his disability, and he received the proper medical lay-in slip later that day that covered his absence from work on September 23, 2019, the relevant date at issue.  He further explained to a guard that morning that he was unable to work due to his diagnosed and recognized back pain, but the guard nonetheless wrote him up for refusing to work. He was then improperly reclassified on the sole basis of that write-up, notwithstanding the intervening acts by the medical department to authorize Mr. Williams's absence through a lay-in slip.  Mr. Williams seeks nominal damages and attorneys' fees if he is successful at trial.

**Defendant:** The evidence will show that the CDOC did not engage in intentional discrimination under the Americans with Disabilities Act or the Rehabilitation Act. In addition, Mr. Williams's claims under the ADA and the Rehabilitation Act will be rejected by a jury because the evidence in the record does not show that the CDOC denied him any service or benefit by reason of any of his medical conditions, or, more broadly, that the CDOC engaged in intentional discrimination. Moreover, the evidentiary record shows that Mr. Williams was afforded a number of reasonable accommodations to allow him to comfortably work in the kitchen, even though he did not actually work a single day in this job assignment. Because Williams cannot satisfy the elements of a Title II or Rehabilitation Act claim, summary judgment in the CDOC's favor is warranted.

Additionally, the CDOC may assert the following affirmative defenses, which were pleaded in its Answer to Plaintiff's Amended Complaint. ECF No. 56:

1. The CDOC affirmatively asserts that Mr. Williams's federal and state rights

2

were not violated and that Mr. Williams has been afforded all the rights, privileges, and immunities granted by the United States Constitution and Colorado law.

2. Mr. Williams is not entitled to the relief being sought or claimed in the Amended Complaint under the legal theories asserted therein.

3. Mr. Williams may have failed to mitigate his damages.

4. Mr. Williams's claimed damages may have been caused by the negligence of Mr. Williams.

5. Any injuries claimed by Mr. Williams pre-existed any alleged acts or omissions on the part of the CDOC.

## 4. STIPULATIONS

The parties have agreed to the following stipulations and will update the Court prior to trial if they are able to reach other stipulations:

1. At all times relevant to this action, Plaintiff Charles Williams was incarcerated in the custody of the Colorado Department of Corrections (CDOC) and housed at the Buena Vista Correctional Complex.

2. All relevant events, with the exception of any alleged ongoing damages claimed by Mr. Williams, took place while Mr. Williams was in CDOC custody.

3. Defendant CDOC is a public entity for purposes of Title II of the Americans with Disabilities Act.

4. At all times relevant to this action, Mr. Williams suffered from chronic back pain and bilateral neuropathy.

5. Mr. Williams was assigned to food service work in the Buena Vista Correctional

Complex from approximately September 10, 2019 to September 23, 2019.

6. Previously, on October 4, 2018, a CDOC medical provider entered clinical orders in Mr. Williams's medical file documenting that Mr. Williams had two work restrictions: "No Standing Over 2 Hours," due to his bilateral peripheral neuropathy, and "No Repetitive Bending at the Waist," due to his chronic back pain. The work restrictions were to remain in effect until October 4, 2019.

7. When he reported to his food service assignment in September 2019, Mr. Williams brought a copy of his work restrictions, and his supervisor had access to his list of work restrictions.

8. Prior to September 23, 2019, Mr. Williams reported to work every day he was scheduled. Every day that he reported, his supervisor reviewed his work restrictions and sent him back to his housing unit without Mr. Williams performing any work.

9. Under CDOC policy, prisoners with medical issues are able to obtain lay-in slips from the medical department if they needed to miss a day or more of work for their medical issue(s).

10. On September 23, 2019, Mr. Williams told a corrections officer that he would not be reporting to work that day due to his back pain.

11. Mr. Williams received a medical "lay-in" later that day.

12. Mr. Williams was subsequently terminated from his work assignment. The reason given for the termination was Plaintiff's failure to work.

13. On or about October 3, 2019, Mr. Williams was reclassified from "medium custody" to "close custody."  The basis for the reclassification was stated as Mr. Williams's "refusal to work."  The reclassification decision was upheld on October

4

23, 2019, with the stated basis that although Mr. Williams received a medical lay-in on September 23, this was after he failed to report to work, and food service was able to accommodate his work restrictions.

14. On October 29, 2019, Mr. Williams filed a grievance seeking an interactive accommodation process "for [him] in any/all future job placement."

15. Mr. Williams received a response to his grievance, noting that there was no evidence that Mr. Williams had ever requested an interactive process with food service staff.

16. The parties have stipulated to the admission of certain exhibits as listed below in section 7 of this order.

17. Mr. Williams was fully released from CDOC custody and control on April 29, 2022 after his 2014 felony convictions were overturned.

18. This Court has ruled that Plaintiff is entitled to receive only nominal damages if the jury finds in his favor at trial.

## 5. PENDING MOTIONS

None.

## 6. WITNESSES

a. Nonexpert witnesses to be called by each party:

(1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

  a. Plaintiff Charles Williams, in person concerning all facts of the case
     i. Available through Plaintiff's counsel at Rights Behind Bars, 1800 M Street NW Front 1 #33821, 202-455-4399

  b. Bryan Gonzales, in person concerning disciplinary write-up
     i. Available through defense counsel - Gregory R. Bueno, Colorado Attorney General, 1300 Broadway, Denver, CO 80203; Phone no. 720-508-6644.

    c. Austen Chrestensen, in person concerning his declaration in support of Defendant's motion for summary judgment, Dkt. 71-5.
        i. Gregory R. Bueno, Colorado Attorney General, 1300 Broadway, Denver, CO 80203; Phone no. 720-508-6644.

    d. Adrienne Sanchez, in person concerning CDOC's ADA policies
        i. Gregory R. Bueno, Colorado Attorney General, 1300 Broadway, Denver, CO 80203; Phone no. 720-508-6644.

(2) Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)):

    a. Dr. Theresa Loftin, in person concerning Plaintiff's medical diagnosis
        i. Available through defense counsel - Gregory R. Bueno, Colorado Attorney General, 1300 Broadway, Denver, CO 80203; Phone no. 720-508-6644

    b. Simon Denwalt, in person concerning changes to Plaintiff's classification
        i. Available through defense counsel - Gregory R. Bueno, Colorado Attorney General, 1300 Broadway, Denver, CO 80203; Phone no. 720-508-6644.

    c. NP Audrey Kramer, in person concerning Plaintiff's medical diagnosis
        i. 568 Hobbs Ct, Fruita, CO 81521-7481; Phone no. 940-781-9633

    d. Miguel Class, in person concerning the food service position at Buena Vista Correctional Facility
        i. Gregory R. Bueno, Colorado Attorney General, 1300 Broadway, Denver, CO 80203; Phone no. 720-508-6644.

    e. Heather Damon, in person concerning Clinical Orders and Lay-in slips
        i. Gregory R. Bueno, Colorado Attorney General, 1300 Broadway, Denver, CO 80203; Phone no. 720-508-6644.

    f. Tracy Mann, in person concerning Offender Communications from 10/2019
        i. Gregory R. Bueno, Colorado Attorney General, 1300 Broadway, Denver, CO 80203; Phone no. 720-508-6644.
        ii.

**No later than December 19, 2024, the Parties shall file individual, respective witness lists designating may call and will call witnesses, as well as a disclosure of their areas of anticipated testimony.**

  (3) The parties do not anticipate presenting any fact witnesses by deposition. See Fed. R. Civ. P. 26(a)(3)(B).

b. The parties do not anticipate calling any expert witnesses at trial in this matter.

**The Parties will meet and confer with respect to this statement, as this Court considers medical providers non-retained experts. Non-retained experts are generally only permitted to testify to their percipient knowledge based on their own personal knowledge, after proper disclosure under Rule 26(a)(2)(C). See Vanderlaan v. Ameriprise Auto & Home Ins., No. 20-CV-00191-PAB-STV, 2021 WL 4441518, at \*1 (D. Colo. Sept. 28, 2021). Any issues should be raised to the Court no later than December 19, 2024.**

## 7. EXHIBITS

  a. Exhibits to be offered by each party and status of the parties' stipulations as to those exhibits:

  (1) Plaintiff:

   Exhibit 1: Williams003 Clinical Orders, Work Restrictions 10/24/2018. Stipulated

   Exhibit 2: Williams009 Request for Sick Call 9/23/19. Stipulated

   Exhibit 3: Williams010 Lay-in Slips 2019. Stipulated

   Exhibit 4: Williams011 Memo re: AM Dishwasher 9/9/2019. Stipulated

   Exhibit 5: Williams013-14 Inmate Reclassification Custody Rating 9/3/2019. Stipulated

   Exhibit 7: Reclassification dated 10/3/2019, CDOC/Williams 141-143. Stipulated

   Exhibit 8: Williams015 ReClass Mandatory Classification Document 10/3/2019. Stipulated

   Exhibit 9: Williams016 Offender Appeal Classification 10/3/2019. Stipulated

   Exhibit 10: Williams017-20 Grievances & Responses re Reclassification 10/29/2019-2/24/2020. Stipulated

    Exhibit 11:  Williams021-024 Grievances & Responses re: July 2019 assignment to food services.  Stipulated

    Exhibit 12:  Williams025-028 Grievances & Responses re: accommodation.  Stipulated

    Exhibit 13:  CDOC/Williams200-201 - Incident Report by Bryan Gonzales.  Stipulated

    Exhibit 14:  CDOC/Williams204-05 Job/Program Assignment.  Stipulated

    Exhibit 15:  CDOC/Williams1-4 ADA accommodations requests.  Stipulated

    Exhibit 16:  CDOC/Williams141-143 Reclassification Documents.  Stipulated

    Exhibit 17:  CDOC/Williams187 Excerpt from Chrono Log. Stipulated

(2)    Defendant:

    Exhibit 6:  Reclassification 9/18/19, CDOC/Williams 138-140.  Stipulated

    Exhibit 18:  Administrative Regulation (AR) 750-04 – Offender Requests for Accommodation – CDOC/Williams 107-119.  Stipulated

    Exhibit 19:  Administrative Regulation AR 850-03 – Offender Pay – CDOC/Williams 120-137. Stipulated

    Exhibit 20:  Williams's Code of Penal Discipline (COPD) History – CDOC/Williams 190-199. NOT Stipulated

    Exhibit 21:  Declaration of Austin Chrestensen. NOT Stipulated

    Exhibit 22:  Williams's Responses to CDOC's Written Discovery Requests. NOT Stipulated

    Exhibit 23:  April 2021 Reclassification – CDOC/Williams 230-232. Stipulated

    Exhibit N/A:  Transcript of Plaintiff Charles Williams's Deposition. NOT Stipulated

    Exhibit N/A:  Transcript of Bryan Gonzales's Deposition. NOT Stipulated

b.     Copies of listed exhibits must be provided to opposing counsel no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

None.

## 10.  SETTLEMENT

a. Counsel for the parties met by telephone on two occasions in November 2024 and on December 5, 2024 to discuss in good faith the settlement of the case.

b.     The participants in the settlement conference included counsel, acting with authority from their clients to attempt to settle the matter.

c.     The parties were promptly informed of all offers of settlement.

d.     Counsel for the parties do intend to hold future settlement conferences.

e.     It appears from the discussion by all counsel that there is <u>some</u> possibility of settlement.

f.     Counsel for the parties considered ADR in accordance with D.C. COLO. LCivR. 16.6.

## 11.  OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action

and the trial, and it may not be amended except by consent of the parties and approval by the Court or by order of the Court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. This matter will be tried to a jury.

2. The parties anticipate that trial will take three days.

3. Trial will take place in the Courtroom of the Honorable Nina Y. Wang, Alfred A. Arraj United States Courthouse #A-902, 901 19th St, Denver, CO 80294.

4. Counsel and their staff will be permitted to bring their electronics, including laptops, cell phones, charging cords, headphones, and other peripherals, into the Courthouse on both days of trial, and counsel will present for the Court's signature any orders required to accomplish this.

DATED this 12th day of December 2024.

BY THE COURT

_____
United States District Court Judge

APPROVED:

| | |
|---|---|
| */s/Miriam R. Nemeth* | *s/ Gregory R. Bueno* |
| Miriam R. Nemeth | Gregory R. Bueno |
| Samuel Weiss | Kristin K. Lindemann |
| Rights Behind Bar | Colorado Attorney General |
| 1800 M Street NW Front 1 #33821 | 1300 Broadway, 10th Floor |
| Washington, DC 20033 | Denver, CO  80203 |
| Telephone:  202-455-4399 | Telephone: 720-408-6644 |
| Attorneys for Plaintiff | Attorneys for Defendant |